UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TODD THORPE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-00613-PLM |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| FARMERS INSURANCE EXCHANGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's petition for attorney fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), relating to its successful motion to compel discovery. Defendant seeks $2,520.00 in fees. Despite being given an opportunity to file a written response to the fee petition, plaintiff has failed to do so. Having considered defendant's written submissions, as well as plaintiff's oral argument during the May 8, 2015, hearing on defendant's motion to compel, defendant's motion for attorney fees and costs will be granted in part and denied in part.

This case arises from defendant's termination of plaintiff's employment as a claims representative. Plaintiff brought this action under Title VII of the Civil Rights Act, alleging that defendant discriminated against him on the basis of his disabilities: ADHD and depression (Complaint, Dkt. 1; Joint Status Report, Dkt. 12, Page ID 33). Plaintiff is representing himself.

**Procedural and Factual Background**

Plaintiff filed his complaint on June 6, 2014 (Dkt. 1). Having failed to serve defendant with the complaint, the Court issued a Notice of Impending Dismissal on September 15, 2014 (Dkt. 2). Plaintiff effected service on September 22, 2014 (Dkt. 3), and defendant answered the complaint on October 14, 2014 (Dkt. 4).

The parties filed a Joint Status Report on November 19, 2014 (Dkt. 12),[1] and a Rule 16 scheduling conference was held on November 24, 2015 (Dkt. 14). During the scheduling conference, the Court warned plaintiff that he was subject to both the Federal Rules of Civil Procedure and the local rules of this district. The Court advised plaintiff as to where he could access copies of these rules.

On November 26, 2014, the Court issued a Case Management Order (Dkt. 17). Plaintiff's Rule 26(a)(1) initial disclosures were due February 2, 2015, and his deadline for disclosing expert witnesses was March 2, 2015 (Dkt. 17, Page ID 46).[2] The discovery deadline was set as May 15, 2015, and the dispositive motion deadline was set as June 15, 2015 (*id.*).

On January 26, 2015, defendant served its First Request for Production of Documents and Interrogatories; it also served a notice of plaintiff's deposition (Joint Motion to Extend Case Management Dates, Dkt. 24, Page ID 65; Dkt. 27). Plaintiff's

---

[1]A Corrected Joint Status Report was filed on November 25, 2014, to include plaintiff's signature (Dkt. 15).

[2]As of May 8, 2015, plaintiff had produced neither; nor has he sought an extension of these deadlines.

responses to the document requests and interrogatories were due February 25, 2015. *See* FED. R. CIV. P. 33(b)(2), 34(b)(2)A).

On March 6, 2015, having received no response to its discovery requests, and having received no response to its request for dates to conduct plaintiff's deposition, defendant's counsel sent plaintiff a letter reminding him of his discovery obligations (Dkt. 29, Page ID 81). Defendant's counsel advised plaintiff that defendant was extending the deadline for discovery responses to March 13, 2015, but counsel warned plaintiff that, should he fail to meet that deadline, defendant would ask the Court to dismiss the complaint for failure to engage in discovery (*id.*).

On March 16, 2015, three days after the extended discovery deadline had passed, plaintiff contacted defendant's counsel and requested an additional extension, to March 23, 2015 (Dkt. 24, Page ID 66). Plaintiff cited the fact that he had been moving as the reason for having failed to respond to defendant's requests (*id.*). Defendant agreed to this additional extension (*id.*).

On March 31, 2015, the parties filed a joint motion to extend the discovery and dispositive motion deadlines in the Case Management Order (Dkt. 24). This motion was necessitated by the fact that plaintiff had still not provided any response to defendant's document requests and interrogatories (Dkt. 24, Page ID 66). The Court issued an Amended Case Management Order on April 6, 2015, extending the discovery deadline to July 20, 2015, and the dispositive motion deadline to September 21, 2015 (Dkt. 34, Page ID 95).

Defendant filed its Motion to Compel and for Discovery Sanctions on April 14, 2015, noting that plaintiff had failed to complete his Rule 26(a)(1) initial disclosures, he had failed to respond to any of defendant's discovery requests, and he had failed to disclose any expert witness (Dkt. 35, Page ID 104). Defendant sought an order compelling plaintiff to supply his initial disclosures and to respond to defendant's discovery requests; in the alternative, defendant asked the Court to dismiss plaintiff's complaint for failure to engage in discovery (Dkt. 35, Page ID 105). Defendant also asked for costs and fees associated with bringing the motion (*id.*).

The Court scheduled a hearing on the motion, and ordered plaintiff to file a written response no later than May 4, 2015 (Dkt. 38). Plaintiff filed no response to the motion to compel.

On May 8, 2015, the Court conducted a hearing on the motion to compel (Minutes, Dkt. 40). Plaintiff appeared. He acknowledged that he had received defendant's document requests and interrogatories in late January or early February 2015, and that he had provided no response to any of them. Plaintiff did not contest the accuracy of defense counsel's description of her efforts to obtain his compliance with his discovery obligations. At the beginning of his argument, plaintiff apologized and stated that he had no valid excuse for his failure to meet his discovery obligations. He later suggested that his ADHD and memory problems contributed to his failure to engage in discovery. Plaintiff acknowledged, however, that he was able to maintain employment in several part-time jobs. For example, he reported that for the previous three months, he worked at least six hours a day supervising people who score high-

school assessment tests. He also advised that he has served as a "quality auditor" since November 2013, working an average of two to four hours a day proof-reading appraisals for an insurance group.

At the conclusion of the hearing, the Court orally denied defendant's motion to dismiss the complaint. The Court advised the parties of its intent to grant defendant's motion to compel discovery.

On May 11, 2015, the Court issued a written Order compelling plaintiff to provide complete answers to defendant's interrogatories and to produce all documents responsive to defendant's document requests within seven days (Order, Dkt. 39, Page ID 116). The Court also ordered plaintiff to provide defendant with a date for taking his deposition, such deposition to take place within thirty days of the date of the Order (*id.*). The Court ordered that defendant file its fee petition within fourteen days, and it required plaintiff to file a response to defendant's fee petition within fourteen days of service of the petition (*id.*, Page ID 117). The Court cautioned plaintiff that "[f]ailure to timely respond will constitute a waiver of all issues" (*id.*). Moreover, the Court warned plaintiff that "any additional failure to comply with his discovery obligations may result in additional sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), including dismissal of this lawsuit" (*id.*).

Defendant filed its petition for attorney fees on May 20, 2015 (Dkt. 44). On that same date, it served a copy of the petition on plaintiff by first-class mail (Dkt. 45).

Plaintiff's response to the fee petition was due June 8, 2015. Plaintiff has filed no response.[3]

## Discussion

Under the facts outlined above, there is a sufficient basis for awarding reasonable attorney's fees and expenses to defendant. Defendant relies upon Rule 37(a)(5)(A), which provides, in pertinent part: "If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (Emphasis supplied). There are only three exceptions to this rule: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." *See* FED. R. CIV. P. 37(a)(5)(A)(i-iii).

During the May 8, 2015, hearing, plaintiff conceded that the first two exceptions do not apply. He asked only that the Court take into consideration his limited financial resources under the third exception. While the Court has discretion to consider any financial disparity between the parties, *see Underdog Trucking, L.L.C.*

---

[3]The issue of fees and costs was discussed during the May 8, 2015, hearing, at which time the Court reviewed with plaintiff the provisions of Rule 37(a)(5)(A). The Court is taking into consideration all the arguments plaintiff made during that hearing, including those relating to the potential award of fees and costs.

*v. Verizon Services Corp.*, 276 F.R.D. 105, 113 (S.D.N.Y. 2011) (citing cases), plaintiff has failed to provide the Court with evidence regarding his financial status. Accordingly, he offers nothing for the Court to consider. *Cf. id.* at 114 ("Without concrete financial information, the Court will not engage in speculation as to a fee reduction that would both preserve Defendants' right to an award and recognize Plaintiffs' financial constraints.").

Notwithstanding plaintiff's failure to respond to the fee petition – for which he had been warned would constitute a waiver of all issues – the Court has carefully reviewed the record to determine whether the award of attorney fees is appropriate in this case. Even apart from plaintiff's concessions, construing the facts as favorably to plaintiff's position as reason will allow, it cannot be said that his non-compliance with his discovery obligations was "substantially justified." To the contrary, it was entirely unjustified. Plaintiff utterly failed to comply with his discovery obligations, despite being given repeated warnings of the consequences of that failure and repeated extensions of time to comply. There is nothing more defendant could reasonably have been expected to do to obtain the discovery short of court intervention.

Accordingly, the Court will award defendant reasonable attorney fees that were incurred in making its motion to compel. The award of costs is the norm, rather than the exception. *Eastern Maico Distribs., Inc. v. Maico-Fahrzeugfabrik*, 658 F.2d 944, 948 n.4 (3d Cir. 1981); *see Boles v. Lewis*, No. 1:07-cv-277, 2009 WL 2021743, at * 3 (W.D. Mich. July 7, 2009).

Defendant's counsel seeks a $200.00 hourly rate. (Dkt. 44-1, Page ID 126). This is a reasonable rate. A reasonable hourly rate multiplied by "the proven number of hours reasonably expended on the case by an attorney" typically produces a reasonable attorney's fee. *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Sixth Circuit has identified a dozen factors that may assist lower courts in determining the reasonableness of an hourly rate, or a number of hours worked:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel*, 404 F.3d at 415. Here, the first two factors are the most important. Plaintiff's failure to produce discovery caused defendant to expend time in making its motion to compel, but the questions presented in connection with that motion were neither novel nor difficult.

In order to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers Ass'n Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984).

The Court has reviewed the time entries of defendant's counsel (Dkt. 44-1, Page ID 127). It indicates that counsel expended 0.40 hours on April 10, 2015, attempting to obtain plaintiff's compliance with his discovery obligations to obviate the need for the motion to compel; she also expended 1.5 hours conducting legal research relating to the motion, and 2.1 hours drafting, revising and filing the motion and accompanying brief (*id.*). These time expenditures are reasonable and will be compensated.

The time entries also indicate that counsel expended 6.8 hours attending the May 8, 2015, hearing (*id.*). Court records indicate that the hearing itself lasted 34 minutes. The additional time charged to the hearing is presumably related to counsel's travel each way to attend the hearing. Defendant has failed, however, to identify what part of the 6.8 hours were related to travel, much less has it met its burden of providing the specificity needed to ascertain whether the presumptive travel time was necessary and reasonable. Accordingly, the time associated with the hearing will be reduced to five hours: 0.5 hours for the hearing, and 4.5 hours of total travel time.[4]

Defendant has also failed to sustain its burden of justifying the time expended preparing and conferring about the hearing, as well as reviewing matters other than the motion to compel (see Dkt. 44-1, Page ID 127). Accordingly, they will be excluded.

The total number of hours reasonably expended on the motion to compel is 9.0 hours. Multiplying 9.0 hours by the $200.00 hourly rate, results in a total recoverable fee of $1,800.00.

---

[4]Defense counsel's office is in Detroit, Michigan. According to Google Maps, the drive time between her office and the federal courthouse in Grand Rapids is approximately 2.25 hours each way.

## **Conclusion**

For the reasons set forth herein, defendant's petition for attorney's fees (Dkt. 44) will be granted in part and denied in part.  The motion will be granted to the extent that defendant will be awarded $1,800.00 under Federal Rule of Civil Procedure 37(a)(5)(A).  The remainder of its motion will be denied.


Date: June 17, 2015                                      /s/ Phillip J. Green                
                                                                        PHILLIP J. GREEN
                                                                        United States Magistrate Judge